UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| TERESA MORADO, on behalf of her minor child, JOHN DOE, | )<br>)<br>) |
| Plaintiff, | ) Case No. 12 CV<br>) |
| vs. | )<br>) JUDGE |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Officers LANCE HANDZEL #8116, DAVID MADIA #6338, OFFICER CAMPBELL, CHRISTOPHER BARAJAS #7367, SEARGENT MARTIN #1871, and other UNKNOWN OFFICERS, | )<br>)<br>) MAGISTRATE<br>)<br>)<br>) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff TERESA MORADO, on behalf of her minor child, JOHN DOE, a minor, by and through her attorneys, Torreya L. Hamilton and Thomas P. Needham, makes the following complaint against Defendants CITY OF CHICAGO, ("Defendant City"), Defendant Chicago Police Officers LANCE HANDZEL #8116, DAVID MADIA #6338, OFFICER CAMPBELL, CHRISTOPHER BARAJAS #7367, SERGEANT MARTIN #1871 ("Defendant Officers") and other UNKNOWN OFFICERS ("Unknown Officers"):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff JOHN DOE's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. Plaintiff JOHN DOE is a fifteen-year-old high school honors student, who is black-Hispanic and who lives with his mother, his sister, and his grandmother in the mostly-white Garfield Ridge neighborhood in Chicago, Illinois.

5. At all relevant times, Defendant Officers and Unknown Officers are or were Chicago police officers, employed by Defendant City, acting within the scope of their employment, and under color of law.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**FACTS**

**April 28, 2010: JOHN DOE Is Falsely Arrested**

7. Shortly after Plaintiff and her family moved into the Garfield Ridge neighborhood, they began receiving anonymous hate mail motivated by racial animus.

8. On April 28, 2010, around 4:00 p.m., fourteen-year-old JOHN DOE, and two other boys his age, were walking in JOHN DOE's neighborhood in Garfield Ridge.

9. Defendants HANDZEL, MADIA and UNKNOWN OFFICERS were on duty as Chicago police officers in the 8th District, which includes the Garfield Ridge neighborhood where JOHN DOE lives.

10. Defendant HANDZEL also lives in the Garfield Ridge neighborhood, very near to Plaintiff's home.

11. As the three boys were walking on the sidewalk that afternoon, Defendants HANDZEL, MADIA and other UNKNOWN OFFICERS pulled up in police vehicles, and without legal justification, ordered JOHN DOE and the other two boys to stop.

12. Defendants HANDZEL, MADIA and UNKNOWN OFFICERS then ordered the boys to put their hands on the hood of the police vehicle and searched their persons and the pockets of their clothing.

13. Defendants HANDZEL, MADIA and UNKNOWN OFFICERS then handcuffed the three boys and placed them in the back of a Chicago police vehicle.

14. Defendant HANDZEL and MADIA transported JOHN DOE and the other boys to the 8th District police station and refused to provide any explanation for their arrest, when asked by one of the other boys.

15. Once inside the 8th District police station, Defendant HANDZEL pushed JOHN DOE up against the wall and told him that "niggers and spics" did not belong in this neighborhood, and that he had kids that lived in the neighborhood, and that he knew where JOHN DOE lived.

16. Defendant Sergeant MARTIN then intervened, pulled Defendant HANDZEL away from JOHN DOE, and told Defendant HANDZEL to calm down.

17. Defendant SERGEANT MARTIN did not, however, order the release of JOHN DOE, nor initiate any investigation into the conduct of Defendant HANDZEL towards JOHN DOE.

18. JOHN DOE was detained at the 8th District police facility for several hours without any explanation. Defendant HANDZEL and MADIA caused JOHN DOE to be falsely charged with reckless conduct, a crime he did not commit. JOHN DOE was given a station adjustment.

19. JOHN DOE was then transported in handcuffs to a different police facility on Chicago's south side.

20. At the second police facility, JOHN DOE was fingerprinted, and photographed, and accused of being a member of a street gang.

21. Later that evening, JOHN DOE was released to Plaintiff (his mother).

22. On information and belief, the Chicago Police Department continues to maintain copies of JOHN DOE's fingerprints, mug shots, and other documents, which falsely identify JOHN DOE as a member of a street gang.

**The On-Going Pattern Of Harassment of JOHN DOE by HANDZEL
and Other 8th District Chicago Police Officers**

23. On information and belief, Defendant HANDZEL, has been conducting a hate campaign motivated at least in part, by racial animus against Plaintiff's family since April of 2010 and continues to take actions in keeping with this campaign to drive Plaintiff and her family from his neighborhood.

24. Since April 28, 2010 and continuing into the present, Defendant HANDZEL, and other Unknown 8th District Chicago Police Officers have participated in a continuing pattern of harassment of JOHN DOE.

25. In September of 2010, and while on duty, Defendant HANDZEL approached JOHN DOE and his friends while they were in the park across the street from Plaintiff's home, and told them they could not be in the park despite there being no lawful reason to order them to leave. As JOHN DOE left the park and was walking home, Defendant HANDZEL began to approach him, but stopped when Plaintiff came out into the street and walked between them. Later, the boys returned to the park without JOHN DOE. Defendant HANDZEL returned but allowed them to stay in the park.

26. Both on and off-duty, Defendant HANDZEL has repeatedly and constantly been observed and driving around Plaintiff's home, in both his personal and Chicago Police Department (CPD) vehicles, looking into Plaintiff's windows, shining police spot lights into their home, laughing and jeering at Plaintiff's family, and swearing at them.

27. On multiple occasions, both on and off duty, Defendant HANDZEL, has parked on Plaintiff's block and placed her home and her family under surveillance, without legal justification.

4

28. On information and belief, Defendant HANDZEL has enlisted the help of fellow 8th District officers to help him harass JOHN DOE and his family.

29. Plaintiff has filed complaints with the Chicago Police Department about this harassment, which has only made Defendant HANDZEL intensify his harassment.

30. On or about October 24, 2010, JOHN DOE's grandmother called 911 to complain about the harassment. Defendant SERGEANT MARTIN #1871 responded to Plaintiff's home, but refused to do anything but agree to "talk to" Defendant HANDZEL. During the conversation, Defendant MARTIN told JOHN DOE that he is wearing gang colors and that his school is full of a bunch of gang-bangers.

**May 10, 2011: JOHN DOE is Unlawfully Arrested A Second Time By Other 8th District**

31. In the early evening of May 10, 2011, JOHN DOE was walking with some friends near his home when Defendants CAMPBELL and BARAJAS pulled up in a Chicago police car.

32. Defendants CAMPBELL and BARAJAS exited the vehicle and immediately placed handcuffs on JOHN DOE.

33. Prior to his arrest, JOHN DOE was not engaged in any criminal activity nor was he behaving in a manner that would justify his detention and arrest.

34. Defendants CAMPBELL and/or BARAJAS searched JOHN DOE's pockets and seized JOHN DOE's mobile phone. They found nothing illegal.

35. Defendant CAMPBELL interrogated JOHN DOE about having an arrest record, and what street gang he was a member of, and whether he was selling drugs.

36. On information and belief, Defendants CAMPBELL and BARAJAS entered information about JOHN DOE into a Chicago Police Department database that tracks gang membership, falsely indicating he was a member of a street gang.

5

37. JOHN DOE was released from the custody of Defendants CAMPBELL and BARAJAS without criminal charges.

38. In December 2011 and January 2012, Defendant HANDZEL has published false information about JOHN DOE on the internet and contacted members of the news media and the Mayor's office identifying himself as a Chicago police officer who has evidence that JOHN DOE is a criminal, a gun and drug dealer ("heroin, crack, meth and weed"), and a "known gang-banger." All of this is false.

39. As a result of the repeated and constant harassment, Plaintiff does not allow her son outside the home alone anymore. He is not allowed to socialize with friends outside the home for fear he will be falsely arrested by Defendant HANDZEL or other 8th District officers.

40. JOHN DOE has become afraid of the police, and has become depressed.

## COUNT I
(42 U.S.C. § 1983 False Arrest: April 28, 2010)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As more fully described above, Defendant Officers HANDZEL, and MADIA, and UNKNOWN OFFICERS seized JOHN DOE without probable cause or any other legal justification to do so, in violation of JOHN DOE's rights under the Fourth Amendment to the United States Constitution.

43. Defendants MADIA, SERGEANT MARTIN and UNKNOWN OFFICERS had a reasonable opportunity to intervene to prevent the other Defendant Officers' unlawful arrest of JOHN DOE, but failed to do so.

44. Defendant SERGEANT MARTIN became aware that JOHN DOE was being detained without any legal justification, had a reasonable opportunity to intervene, but also failed to do so.

6

45. As a direct and proximate result of this illegal search and seizure, JOHN DOE has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers HANDZEL, MADIA, UNKNOWN OFFICERS and SERGEANT MARTIN in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees and the removal of JOHN DOE's name, information and documents from all files and databases maintained by the Chicago Police Department, gathered and entered unlawfully by means of a false arrest, and such other relief as is just and equitable.

### COUNT II
(42 U.S.C. § 1983 Unlawful Search: April 28, 2010)

46. Each of the preceding paragraphs is incorporated as if fully restated here.

47. As more fully described above, Defendant Officers HANDZEL and MADIA and other UNKNOWN OFFICERS unlawfully searched JOHN DOE without probable cause or any other legal justification to do so, in violation of JOHN DOE's rights under the Fourth Amendment to the United States Constitution.

48. Each Defendant Officer had a reasonable opportunity to intervene to prevent the other Defendant Officers' unlawful search of JOHN DOE, but failed to do so.

49. As a direct and proximate result of this illegal search, JOHN DOE has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers HANDZEL, MADIA and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 False Arrest: May 10, 2011)

50. Each of the preceding paragraphs is incorporated as if fully restated here.

51. As more fully described above, Defendant Officers CAMPBELL and BARAJAS seized JOHN DOE without probable cause or any other legal justification to do so, in violation of JOHN DOE's rights under the Fourth Amendment to the United States Constitution.

52. Defendants CAMPBELL and BARAJAS each had a reasonable opportunity to intervene to prevent the other's unlawful arrest of JOHN DOE, but failed to do so.

53. As a direct and proximate result of this illegal seizure, JOHN DOE has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers CAMPBELL and BARAJAS in a fair and just amount sufficient to compensate JOHN DOE for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and the removal of JOHN DOE's name, information and documents from all files and databases maintained by the Chicago Police Department, gathered and entered unlawfully by means of a false arrest, and such other relief as is just and equitable.

## COUNT IV
(42 U.S.C. § 1983 Unlawful Search: May 10, 2011)

54. Each of the preceding paragraphs is incorporated as if fully restated here.

55. As more fully described above, Defendant Officers CAMPBELL and BARAJAS unlawfully searched JOHN DOE without probable cause or any other legal justification to do so, in violation of JOHN DOE's rights under the Fourth Amendment to the United States Constitution.

56. Each Defendant Officer had a reasonable opportunity to intervene to prevent the other Defendant Officer's unlawful search of JOHN DOE, but failed to do so.

57. As a direct and proximate result of this illegal seizure, JOHN DOE has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers CAMPBELL and BARAJAS in a fair and just amount sufficient to compensate JOHN DOE for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V
(42 U.S.C. § 1983: Equal Protection Claim--HANDZEL)

58. Each of the preceding paragraphs is incorporated as if fully restated here.

59. JOHN DOE is black-Hispanic and is a member of a protected class.

60. Defendant HANDZEL has treated JOHN DOE differently than other similarly situated individuals without any legitimate governmental purpose for doing so.

61. Defendant HANDZEL's actions with respect to JOHN DOE were motivated at least in part by a discriminatory purpose, in violation of JOHN DOE's constitutional rights to Equal Protection under the law.

62. As a direct and proximate result of this equal protection violation, JOHN DOE has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant HANDZEL in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees and such other relief as is just and equitable.

## COUNT VI
(42 U.S.C. § 1983: Conspiracy to Deprive Constitutional Rights)

63. Each of the preceding paragraphs is incorporated as if fully restated here.

64. As described more fully above, Defendant OFFICERS and UNKNOWN OFFICERS reached an agreement to unlawfully detain and/or arrest JOHN DOE, search his person, and continuously harass him and his family in an effort to induce them to move from the neighborhood, and thereby deprive JOHN DOE of his Constitutional rights, all as described more fully throughout this Complaint.

65. Each of these Defendants further conspired to cover up their misconduct with respect to their actions against JOHN DOE.

66. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions, or caused others to do so, and was an otherwise willful participant in joint activity.

67. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of JOHN DOE.

68. As a result of the Defendants' conduct, JOHN DOE suffered damages, including emotional distress, and a deprivation of his liberty.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS and UNKNOWN OFFICERS, in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as this Court finds just and equitable.

### COUNT VII
(Illinois Intentional Infliction Of Emotional Distress - HANDZEL)

69. Each of the preceding paragraphs is incorporated as if fully restated here.

70. As more fully described above, Defendant HANDZEL has engaged in conduct with respect to JOHN DOE, which has been extreme and outrageous.

71. Defendant HANDZEL has acted willfully and wantonly in that he has intended, or was recklessly indifferent towards, causing JOHN DOE's severe emotional distress, knowing that there

10

was a high probability that his behavior would cause JOHN DOE, a minor, severe emotional distress and mental anguish.

72. As a direct and proximate result of Defendant HANDZEL's misconduct, JOHN DOE has, in fact, suffered severe emotional distress.

73. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

74. At all relevant times, Defendant HANDZEL was an agent of Defendant CITY and an employee of the Chicago Police Department acting within the scope of his employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agent, Defendant HANDZEL.

**WHEREFORE**, Plaintiff prays for judgment against Defendant HANDZEL and Defendant CITY in a fair and just amount sufficient to compensate JOHN DOE for the injuries he has suffered, plus, all such other relief as this Court finds just and equitable.

### COUNT VIII
(Illinois State Law False Imprisonment –April 28, 2010)

75. Each of the preceding paragraphs is incorporated as if fully restated here.

76. As more fully described above, Defendants HANDZEL, MADIA, UNKNOWN OFFICERS and SERGEANT MARTIN unlawfully seized and detained JOHN DOE, or caused him to be unlawfully seized and detained, without a warrant, probable cause, or any other legal justification to do so.

77. Defendants HANDZEL, MADIA, UNKNOWN OFFICERS and SERGEANT MARTIN each acted willfully and wantonly in that he intended to violate, or was recklessly indifferent towards violating, JOHN DOE's rights.

78. As a direct and proximate result of these Defendants' misconduct, JOHN DOE suffered damages, including emotional damages, which will be proven at trial.

11

79. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

80. At all relevant times, Defendants HANDZEL, MADIA, UNKNOWN OFFICERS and SERGEANT MARTIN were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents.

**WHEREFORE**, Plaintiff prays for judgment against Defendants HANDZEL, MADIA, UNKNOWN OFFICERS and SERGEANT MARTIN in a fair and just amount sufficient to compensate JOHN DOE for the injuries he has suffered, as well as such other relief as is just and equitable.

**COUNT IX**
(Illinois State Law False Imprisonment – May 10, 2011)

81. Each of the preceding paragraphs is incorporated as if fully restated here.

82. As more fully described above, Defendants CAMBELL and BARAJAS unlawfully seized and detained JOHN DOE, or caused him to be unlawfully seized and detained, without a warrant, probable cause, or any other legal justification to do so.

83. Defendants CAMBELL and BARAJAS each acted willfully and wantonly in that he intended to violate, or was recklessly indifferent towards violating, JOHN DOE's rights.

84. As a direct and proximate result of these Defendants' misconduct, JOHN DOE suffered damages, including emotional damages, which will be proven at trial.

85. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

86. At all relevant times, Defendants CAMBELL and BARAJAS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents.

**WHEREFORE**, Plaintiff prays for judgment against Defendants CAMPBELL, BARAJAS and CITY in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, as well as such other relief as this Court finds just and equitable.

### COUNT X
(720 ILCS 5/12-7.1: Civil Hate Crime Claim: HANDZEL)

87. Each of the preceding paragraphs is incorporated as if fully restated here.

88. Defendant HANDZEL's actions and pattern of harassment of JOHN DOE constitutes assault and/or disorderly conduct under Illinois law.

89. Defendant HANDZEL's actions were willful and wanton and were motivated at least in part by racial animus, and thus also constitute a hate crime under Illinois law.

90. As a direct and proximate result of Defendant HANDZEL's hate crime(s) against JOHN DOE, JOHN DOE has suffered damages to his person, including emotional damages, which will be proven at trial.

91. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

92. At all relevant times, Defendant HANDZEL was an agent of Defendant CITY and an employee of the Chicago Police Department acting within the scope of his employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agent.

**WHEREFORE**, Plaintiff prays for judgment against Defendant HANDZEL, in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, plus a

13

substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as this Court finds just and equitable.

## COUNT XI
(Illinois Defamation Claim: HANDZEL)

93. Each of the preceding paragraphs is incorporated as if fully restated here.

94. As more fully described above, Defendant HANDZEL published false statements claiming that JOHN DOE had committed various crimes.

95. The published statements tended to harm JOHN DOE's reputation and also had the effect of deterring others in the neighborhood from associating with JOHN DOE.

96. Defendant HANDZEL acted willfully and wantonly in that he intended to violate, or was recklessly indifferent towards violating, JOHN DOE's rights.

97. As a direct and proximate result of Defendant HANDZEL's misconduct, JOHN DOE suffered damages, including emotional damages.

98. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

99. At all relevant times, Defendant HANDZEL was an agent of Defendant CITY and an employee of the Chicago Police Department acting within the scope of his employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agent.

**WHEREFORE**, Plaintiff prays for judgment against Defendants HANDZEL and CITY in a fair and just amount sufficient to compensate JOHN DOE for the damages he has suffered, as well as such other relief as this Court finds just and equitable.

**Plaintiff demands a trial by jury.**

Respectfully submitted,

TERESA MORADO, on behalf of her minor child, JOHN DOE, Plaintiff.

By: /s/ Torreya L. Hamilton
      Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
312.726.3173
Attorney No. 6229397

By: /s/ Thomas P. Needham
      Attorney for Plaintiff

LAW OFFICE OF THOMAS P. NEEDHAM
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
312. 726.3171
Atty. No. 6188722