# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 12 C 752 | **DATE** | 10/12/2012 |
| **CASE TITLE** | Morado vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

Continued motion hearing held on 10/10/12 regarding those aspects of Plaintiff's Amended Second Motion to Compel [112] that were continued from 10/3/12 and Plaintiff's Motion for Leave to Interview Potential Witnesses on So-Called Active "CR" Files [116]. Regarding Plaintiff's Amended Second Motion to Compel [112], the parties informed the Court they have worked out the issue regarding the investigative files that was reserved on 10/3/12 and they are in the process of working through the "no records certification" issue. Defendant City of Chicago agreed to produce by 10/12/12 the "no records certifications" in the manner and form discussed on the record. Accordingly, all of the remaining issues raised by Plaintiff's Amended Second Motion to Compel [112] appear to have been resolved. In the event the Court needs to address any of those issues in the future, the aggrieved party shall file an appropriate motion. For the reasons set forth in the Statement below, Plaintiff's Motion for Leave to Interview Potential Witnesses on So-Called Active "CR" Files [116] is granted in part and denied in part. See Statement for further details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

01:00

## STATEMENT

On September 5, 2012, Magistrate Judge Cox ordered Defendant City of Chicago to produce unredacted copies of six active Complaint Register ("CR") files to Plaintiff's counsel on an attorneys' eyes only ("AEO") basis [95]. Judge Cox also ordered that "[f]urther use of the information by counsel is permitted only upon future motion to the Court." *Id.*

Plaintiff now comes before this Court and requests leave to contact and interview witnesses from three of the active CR files previously produced on an AEO basis – CR XXX5192, CR XXX2437, CR XXX7385.[1] Defendant objects to Plaintiff's Motion [116] arguing that the information contained in the active CR investigations is subject to the law enforcement investigative privilege, the witnesses' testimony is irrelevant and inadmissible, and Plaintiff's counsel interviewing those witnesses would be prejudicial to Defendant and its ability to perform its investigations.

As Judge Cox noted in her September 5, 2012 order, the information in these active CR files is subject to the law enforcement investigative privilege. As Judge Cox recognized, however, the privilege asserted by the City is not absolute. *Lewis v. City of Chicago*, 2004 WL 2608302, at * 1 (N.D. Ill. Nov. 16, 2004). The privilege "can be overridden in appropriate cases by the need for the privileged materials." *Id.* at *2. Indeed, Judge Cox already found that Plaintiff's need to know the information in these CR files outweighs the asserted investigative privilege. Now, however, this Court must determine whether Plaintiff's counsel should be permitted to contact potential witnesses identified in those files.

**STATEMENT**

In *Lewis v. City of Chicago*, the Court recognized that "[t]he balancing of that need – the need of the litigant who is seeking privileged investigative materials – against the harm to the government if the privilege is lifted is a particularistic and judgmental task" that is left to the discretion of the Court. *Id.* at *2. The balancing test requires the Court "to access the relative interest of the parties: the interest of the plaintiff in obtaining the documents or information and the interest of the City in keeping that information confidential." *Id.* at *3. In assessing the respective interests of the parties in this case, the Court finds that the balance tips in favor of permitting Plaintiff to contact and interview potential witnesses identified in two of the three CR files identified by Plaintiff.

Defendants submitted the CR files at issue in this Motion for an *in camera* review. After reviewing those files, the Court finds that Plaintiff has established a legitimate and particularized need to contact and/or interview potential witnesses identified in CR XXX5192 and CR XXX2437. These CR files are two of a total of 173 closed CR files and six active CR files Defendant City of Chicago produced to Plaintiff. It is meaningful to this Court that Plaintiff now is seeking leave to contact witnesses from only three CR files. This is a reasonably tailored request. After the *in camera* review, the Court has determined that the information contained in CR XXX5192 and CR XXX2437 is sufficiently particularized and similar to the allegations in the Amended Complaint at issue in this case, and sufficiently proximate in time to the events described in that Complaint, that Plaintiff should be allowed to contact witnesses to the events described in those two CR files. CR XXX5192 and CR XXX2437 encompass investigations that involve the same neighborhood, some of the same police officers and events that occurred during the same time period, and arguably within the same particularized category of what Plaintiff alleges in her Amended Complaint is police harassment of a juvenile, in this case Plaintiff's son, John Doe.

Plaintiff, therefore, has established a particularized interest in being able to contact and interview those witnesses to determine what their testimony might be and she has no other way of obtaining this information. Information obtained from these witnesses may, among other things, lead to evidence admissible in this case under Federal Rule of Evidence 404(b), *see, e.g., Cooper v. Dailey,* 2012 WL 1748150, at *1 (N.D. Ill. May 16, 2011), though this Magistrate Judge makes no finding that any evidence that might be obtained from interviewing witnesses identified in these two CR files ultimately will be admissible at trial.

The Court, however, does not agree that Plaintiff should be permitted to contact the individuals identified in CR XXX7385. The events described in that CR file occurred during a much earlier time period than the events involved in this case, involved an adult, not a juvenile, and are not so similar in nature to the events involved in this case that the witnesses to those events are likely to provide relevant or otherwise discoverable information in this case.

The Court recognizes that Defendant City has an interest in maintaining the confidentiality of CR files. Although the investigations described in these CR files have not been formally "closed" according to Defendant City, the investigations do not appear to be particularly "active" in the common sense meaning of that word. Plaintiff's request that her counsel be permitted to attempt to interview the witnesses identified in CR XXX5192 and CR XXX2437 thus does not appear to present a serious risk that those investigations will be compromised by such interviews. Under these circumstances, the Court finds that the relief Plaintiff is seeking is justified and permissible. The AEO designation on these CR files, however, remains for all other purposes at this time.

For all of these reasons, the Court grants in part and denies in part Plaintiff's Motion for Leave to Interview Potential Witnesses [116].

**STATEMENT**

1. Originally, Plaintiff requested leave to contact witness from four CR files. However, Plaintiff withdrew her request relating to CR XXX2150.